IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ELVIS G. STONE, )
 )
        Movant, )
 )
vs. ) Case No. 06-3014-CV-S-ODS
 )
UNITED STATES OF AMERICA, )
 )
        Respondent. )

## ORDER AND OPINION DENYING DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255,

Pending is Petitioner's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255 (Doc. #1). For the following reasons, the Motion is denied.

### I. BACKGROUND

Movant has an extensive criminal history, including numerous arrests and convictions for alcohol-related offenses between 1989 and 2003. Movant's first conviction was for burglary in 1977 when he was 17. At the age of 18, Movant was again convicted of burglary and served one year of a four year sentence. In 1985, Movant pled guilty to one count of being Felon in Possession of a Firearm. In 1991, Movant, while intoxicated, appeared to be chasing a vehicle and struck another car, resulting in injury to the other driver. Between 1991 and 2002, Movant was convicted seven times for Driving While Intoxicated.

On July 17, 2003, Myla Stone contacted Douglas County Sheriff's Office and reported that her husband, Elvis Stone (Movant) was intoxicated and refused to leave a neighbor's house. Deputies responded to the neighbor's home and found Movant very intoxicated. The officers transported Movant home, during which time Movant made derogatory comments about his wife. Shortly after leaving Movant at his home, they heard what sounded like a woman screaming from the Stone residence and returned. Ms. Stone was on the back porch and Movant was yelling at her from inside the house.

Ms. Stone reported she did not want any more assistance from the officers and they left.

Several hours later, Ms. Stone again contacted the Douglas County Sheriff's Office and reported that her husband grabbed her arm and slapped her. Movant had left the home on foot shortly after Ms. Stone called the police. At that time, Ms. Stone completed a complaint and officers took photographs of a bruise on her upper right arm. Ms. Stone then advised the officers Movant had three guns in their bedroom. She accompanied the deputies to a bedroom where they found a gun cabinet containing a .22 caliber revolver, a .22 caliber rifle and a .243 caliber rifle. The deputies seized the weapons. The deputies advised Ms. Stone to leave the home for safety reasons, but she declined.

On November 2, 2003, deputies from Douglas County Sheriff's Department responded to a complaint of domestic violence at the Stone residence. When the officers arrived, they found Movant very intoxicated. Movant was arrested and cited for domestic violence. During the search, a .22 caliber cartridge was found in his front right pocket.

On July 1, 2004, Movant pled guilty to two felony counts, Felon in Possession of Firearms in violation of 18 U.S.C. § 922(g)(1) and Felon in Possession of Ammunition in violation of 18 U.S.C. § 924(a)(2), and received two concurrent sentences of 57 months imprisonment. As a special condition of his three-year supervised release term, Movant was required to participate in an antabuse program. Antabuse, used in the treatment of alcoholism, is nontoxic, but it alters the metabolism of alcohol in the body, making it impossible for one who is taking the drug to drink without experiencing severe discomfort.[1] On January 9, 2006, Movant filed this motion.

## II. DISCUSSION

A. Ineffective Assistance of Counsel

Movant first claims that he was denied effective assistance of counsel because his attorney failed to object to the special supervised release condition. The Court

---

[1] http://www.ask.com/

2

Case 6:06-cv-03014-ODS   Document 10   Filed 04/13/06   Page 2 of 5

analyzes this claim under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [Movant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Assuming the performance was deficient, the prejudice prong requires proof that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.

Id. (internal citations omitted). Failure to satisfy both prongs is fatal to the claim. See Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness").

A district judge has wide discretion in formulating the terms of supervised release. U.S. v. Levering, 441 F.3d 566, 568 (8th Cir. 2006). The sentencing judge may impose special conditions of supervised release if the conditions are reasonably related to the factors listed in 28 U.S.C. § 3553(a) factors, specifically, the nature and circumstance of the offense, the criminal history of the defendant, and the need for the sentence imposed to provide the defendant correctional treatment in the most effective manner, involve no greater deprivation of liberty than is reasonably necessary, and are consistent with any pertinent policy statements issued by the United States Sentencing Commission. U.S. v. Mickelson, 433 F.3d 1050, 1056 (8th Cir. 2006).

The Court's imposition of a special condition requiring Movant to participate in an antabuse program was not an abuse of discretion. As stated above, Movant has an extensive criminal history with many of his offenses involving alcohol. Movant was

3

convicted at least seven times of Driving While Intoxicated. In the instant case, Movant was intoxicated when the officers were summoned to his home. His family members stated they were frightened by Movant when he drinks and his mood is unstable when drinking. Defendant has attempted to receive treatment for alcohol abuse on numerous occasions. However, it appears such treatment was ineffective.

Even if Movant's claim had merit, he has waived the right to raise it. Movant knowingly and voluntarily waived his appellate rights and any post-conviction remedies as part of his plea agreement. During the sentencing hearing, Movant withdrew his motion to withdraw his guilty plea and agreed to an arrangement waiving any rights to appeal his sentence as long as it was within the agreed upon range of 46 to 57 months. When the Court asked Movant if he understood and agreed with the arrangement, he answered affirmatively. Movant claims because his counsel did not object to the imposition of the special condition. However, the condition was reasonable and authorized by law. Movant's counsel was not deficient by not objecting to his sentence.

B. Eight Amendment

Movant claims the special condition of his supervised release was a violation of his Eight Amendment right and constitutes cruel and unusual punishment. However, Movant's argument alleges the Court abused its discretion by ordering him to participate in an antabuse program. As stated above, the Court did not abuse its discretion by imposing the special condition of his supervised release. Movant fails to provide legal support that the special condition constitutes cruel and unusual punishment. Movant waived his right to appeal or seek postconviction relief. More importantly, Movant's claim should have been raised on direct appeal. Having failed to do so, Movant cannot raise the claim in a postconviction proceeding. See Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992).

## III. CONCLUSION

For the foregoing reasons, Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATE: April 13, 2006 /s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT